UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOHN PUCCI, JR. and JASON WINTER,

                              Plaintiffs,

    -against-

CITY OF NEW YORK, BERNADET ENCHAUTEGUI,
Individually, DUANE PERCY, Individually, WILLIAM COYLE,
Individually, and JOHN and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true names are
presently unknown),

                              Defendants.

------------------------------------------------------------------X

**AMENDED COMPLAINT**

13 CV 3850 (NRB)

<u>Jury Trial Demanded</u>

[RECEIVED OCT 18 2013 stamp]

     Plaintiffs JOHN PUCCI, JR. and JASON WINTER, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

## Preliminary Statement

     1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiffs JOHN PUCCI, JR. and JASON WINTER, also assert supplemental state law claims.

## JURISDICTION

     2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

     3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

     4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff JOHN PUCCI, JR. is a twenty-three year old American man.

7. Plaintiff JASON WINTER is a thirty-six year old American man.

8. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10. At all times hereinafter mentioned, the individually named defendants BERNADET ENCHAUTEGUI, DUANE PERCY, WILLIAM COYLE, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

13.     On March 7, 2012, at approximately 4:00 a.m., in front of 124 West 21st Street, New York, New York, defendant NYPD Officers BERNADET ENCHAUTEGUI and DUANE PERCY participated in stopping, detaining, searched and handcuffing plaintiffs without any legal justification.

14.     The defendants transported plaintiffs to the NYPD's 10th precinct stationhouse and imprisoned them therein.

15.     While imprisoned in the 10th precinct stationhouse, the defendants subjected each plaintiff to humiliating and unreasonable strip searches.

16.     The strip searches were authorized by defendant WILLIAM COYLE and performed by defendant PERCY.

17.     Defendant PERCY compelled plaintiff WINTER to remove his clothing, and repeatedly squat and cough.

18.     Defendant PERCY compelled plaintiff PUCCI to pull his pants and underwear down to his ankles, and repeatedly squat and cough.

19.     The defendants imprisoned plaintiffs until their arraignments in New York County Criminal Court on baseless charges filed under docket numbers 2012NY018738, and 2012NY018741; said charges having been filed based on the false and manufactured allegations of defendant ENCHAUTEGUI. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, including, without limitation, to cover up the above mentioned abuse of authority.

20. On March 15, 2012, all of the purported charges levied against plaintiffs JOHN PUCCI, JR. and JASON WINTER based on the false allegations of the defendants were dismissed and sealed in New York County Criminal Court.

21. Defendant COYLE supervised defendants ENCHAUTEGUI, PERCY, and JOHN and JANE DOE 1 through 10, and upon information and belief was present on scene during plaintiffs' arrests, and approved of, oversaw, and otherwise participated in the arrest, unlawful search, and prosecution of the plaintiffs.

22. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to a policy of falsification.

23. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the legal basis required to stop, search, arrest, and strip search individuals, and that they engage in a *de facto* custom or practice of falsification.

24. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

25. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,

maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

26. As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of their constitutional rights.

## **Federal Claims**

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

27. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiffs JOHN PUCCI, JR. and JASON WINTER, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33. As a result of the foregoing, plaintiffs JOHN PUCCI, JR. and JASON WINTER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

34. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants arrested plaintiffs JOHN PUCCI, JR. and JASON WINTER without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

36. Defendants caused plaintiffs JOHN PUCCI, JR. and JASON WINTER to be falsely arrested and unlawfully imprisoned.

37. As a result of the foregoing, plaintiffs JOHN PUCCI, JR. and JASON WINTER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.  Defendants strip searched plaintiffs JOHN PUCCI, JR. and JASON WINTER in the absence of reasonable individualized suspicion that plaintiffs were in possession of weapons or contraband at the time they were searched.

40.  Defendants thereby caused plaintiffs JOHN PUCCI, JR. and JASON WINTER to be deprived of his right to be free from unlawful strip searches.

41.  As a result of the foregoing, plaintiffs JOHN PUCCI, JR. and JASON WINTER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

42.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.  Defendants initiated, commenced and continued a malicious prosecution against plaintiffs JOHN PUCCI, JR. and JASON WINTER.

44.  Defendants caused plaintiffs JOHN PUCCI, JR. and JASON WINTER to be prosecuted without probable cause until the charges were dismissed on or about March 15, 2012.

45.  As a result of the foregoing, plaintiffs JOHN PUCCI, JR. and JASON WINTER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

46.  Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.  Defendants issued criminal process against plaintiffs JOHN PUCCI, JR. and JASON WINTER by causing their arrest and prosecution in New York County Criminal Court.

48.  Defendants caused plaintiffs JOHN PUCCI, JR. and JASON WINTER to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiffs' right to be free from malicious abuse of process.

49.  As a result of the foregoing, plaintiffs JOHN PUCCI, JR. and JASON WINTER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

50.  Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.  Defendants created false evidence against the plaintiffs.

52.  Defendants utilized this false evidence against the plaintiffs in legal proceedings.

53.  As a result of defendants' creation and use of false evidence, plaintiffs suffered violations of their constitutional rights to a fair trial as guaranteed by the United States Constitution.

54.  As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and

disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

55. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in their presence by other officers.

57. The defendants failed to intervene to prevent the unlawful conduct described herein.

58. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time; they were put in fear of their safety; they were humiliated and subjected to handcuffing and other physical restraints, and; they were subjected to a malicious prosecution and illegal strip search.

59. As a result of the foregoing, plaintiffs JOHN PUCCI, JR. and JASON WINTER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

60. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

62. As a result of the foregoing, plaintiffs JOHN PUCCI, JR. and JASON WINTER are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

63. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

65. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, stopping and searching individuals without reasonable suspicion; arresting individuals without probable cause; strip searching individuals in the absence of reasonable individualized suspicion that said individuals were in possession of weapons or contraband at the time of the search, and; committing perjury and/or manufacturing evidence in an effort to cover up their abuse of authority and convict said individuals.

66. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly

authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

68. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

70. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs JOHN PUCCI, JR. and JASON WINTER were unlawfully stopped and arrested, illegally searched, and maliciously prosecuted.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

72. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest/unlawful imprisonment;

    C.    To be free from unlawful strip searches;

    D.    To be free from the failure to intervene;

E.   To be free from malicious prosecution; and

F.   To be free from malicious abuse of process.

73. As a result of the foregoing, plaintiffs JOHN PUCCI, JR. and JASON WINTER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

74. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Within ninety (90) days after the claim herein accrued, plaintiffs JOHN PUCCI, JR. and JASON WINTER duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

76. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

77. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

78. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

79. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Defendants arrested plaintiffs JOHN PUCCI, JR. and JASON WINTER without probable cause.

81. Plaintiffs JOHN PUCCI, JR. and JASON WINTER were detained against their will for an extended period of time and subjected to physical restraints.

82. As a result of the aforementioned conduct, plaintiffs JOHN PUCCI, JR. and JASON WINTER were unlawfully imprisoned in violation of the laws of the State of New York.

83. As a result of the aforementioned conduct, plaintiffs JOHN PUCCI, JR. and JASON WINTER suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

84. As a result of the foregoing, plaintiffs JOHN PUCCI, JR. and JASON WINTER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

85. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Defendants initiated, commenced and continued a malicious prosecution against plaintiffs JOHN PUCCI, JR. and JASON WINTER.

87. Defendants caused plaintiffs JOHN PUCCI, JR. and JASON WINTER to be prosecuted without probable cause until the charges were dismissed on or about March 15, 2012.

88. As a result of the foregoing, plaintiffs JOHN PUCCI, JR. and JASON WINTER

are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

89. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Defendants issued criminal process against plaintiffs JOHN PUCCI, JR. and JASON WINTER by causing them to be arrested, arraigned and prosecuted in criminal court.

91. Defendants caused plaintiffs JOHN PUCCI, JR. and JASON WINTER to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

92. As a result of the foregoing, plaintiffs JOHN PUCCI, JR. and JASON WINTER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

93. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

95. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

96. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

97. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

98. As a result of the aforementioned conduct, plaintiffs JOHN PUCCI, JR. and JASON WINTER suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

99. As a result of the foregoing, plaintiffs JOHN PUCCI, JR. and JASON WINTER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

100. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "99" with the same force and effect as if fully set forth herein.

101. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiffs JOHN PUCCI, JR. and JASON WINTER.

102. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

103. As a result of the foregoing, plaintiffs JOHN PUCCI, JR. and JASON WINTER

are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

104. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiffs JOHN PUCCI, JR. and JASON WINTER.

106. As a result of the foregoing, plaintiffs JOHN PUCCI, JR. and JASON WINTER are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

107. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108. Plaintiffs JOHN PUCCI, JR. and JASON WINTER'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

109. As a result of the foregoing, plaintiffs JOHN PUCCI, JR. and JASON WINTER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

110. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

112. As a result of the foregoing, plaintiffs JOHN PUCCI, JR. and JASON WINTER are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

113. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114. As a result of defendants' conduct, plaintiffs were deprived of their right to security against unreasonable searches, seizures, and interceptions.

115. As a result of the foregoing, plaintiffs JOHN PUCCI, JR. and JASON WINTER

are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
October 18, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiffs JOHN PUCCI, JR. and
JASON WINTER
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOHN PUCCI, JR. and JASON WINTER,

                         Plaintiffs,

     -against-

CITY OF NEW YORK, BERNADET ENCHAUTEGUI,
Individually, DUANE PERCY, Individually, WILLIAM COYLE,
Individually, and JOHN and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true names are
presently unknown),

                         Defendants.

------------------------------------------------------------------------X

13 CV 3850 (NRB)

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100